# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STEVEN G. MILLER**                                                               **PLAINTIFF**

**v.**                                                                **No. 4:13CV97-MPM-DAS**

**FAYE NOEL, ET AL.**                                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Allegations

Miller (who has HIV) claims that On December 27, 2012, he saw one inmate, RJ, chasing another, Ryan, around the tower. RJ slammed Ryan into a locker, which left a cut on his side. Miller was making coffee at the time and largely ignored the fracas. Moments later, he was repeating an officer's call to summon two inmates going to sick call, when the inmate being chased ran right into him, fell, and fled into the hall. Miller has a glass eye and did not see the inmate coming. The guard called Corrections Investigation Division ("CID"), the Captain, and the Warden because she thought the fleeing inmate had been stabbed. The officer investigating the incident noted that Miller, at least,

---

[1] 28 U.S.C. § 1915(g).

had no injuries consistent with getting into an altercation. Miller was found not guilty of a rule infraction at a disciplinary hearing. He was, nonetheless, kept in detention pending further investigation.

On January 10, 2013, Warden Faye Noel made her rounds, and Miller asked her when he was going back to General Population since he had been found not guilty of the infraction. Noel replied, "I'm going to get CID to write you another one!" Miller has not made clear why Noel might have such zeal for getting him into trouble. Noel then accused Miller of being a Gang Leader, and he was left in segregation pending an investigation of this allegation. In addition, ten days after Noel threatened to have Miller written up again, he received another detention notice saying that he had stabbed the man who collided with him, though Miller contends that no stabbing occurred. He believes that Noel ordered CID to falsify the documents against him to keep him in segregation until his release date in 2020. He believes that defendant Marlynn Sterivant, his case manager, falsified some documents concerning him because he believes he recognized her handwriting, and she misspelled his name.

He tried to address Noel about this problem many times, but she would not respond to him. Finally, he filed a grievance, which her supervisor reviewed. The grievance led to an investigation on April 27, 2013. After the investigation, Noel directed Miller's case manager to conduct Miller's annual review and recommend a reduction in custody. Miller believes that Noel initiated the classification review in retaliation for the grievance he filed. The case manager said she was sick of being told to do such things without any justification. Prior to this incident, Miller had not accrued any rule violations in over a year. Miller concedes that he was validated seven years as a core member of a gang – but says that he has completed the renunciation process. The supposed victim in the incident has sent a letter saying that Miller never stabbed him.

Miller also complains of terrible treatment from other inmates because he has HIV. He showers separately from other inmates. They throw hot water, urine, and other things at him and in front of his cell. They even light fires in front of his cell. The guards look the other way during all of this.

## Discussion

As an initial matter, the plaintiff intended defendants Mr. Lee and Lt. Ed Thigpen to be witnesses, rather than defendants. As such, defendants Lee and Thigpen should be dismissed with prejudice from this case. In addition, the complaint contains no allegations that Ricky Scott (the Security Threat Group Coordinator for the Mississippi Department of Corrections) has violated any of Miller's rights guaranteed under the Constitution or laws of the United States. As such, Ricky Scott should be dismissed from this suit.

## Due Process

Miller believes that the defendants violated his right to due process by placing him in isolation even though he was found not guilty of stabbing his fellow inmate. Under the ruling found in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected

parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the punishment imposed on Miller is confinement in segregation until an investigation of his suspected gang affiliation is complete. Placement in segregation falls within the range of punishments one could expect during incarceration and it is not an unusually harsh punishment giving rise to a liberty interest. For these reasons, Miller's claim of violation of his right to due process should be dismissed.

**Equal Protection**

Miller has contracted the Human Immunodeficiency Virus ("HIV"). He alleges that other inmates do deplorable things to him as a result, such as throwing hot water, urine, and other things at him and in front of his cell. In addition, the other inmates refuse to shower with him, so he showers at a time separate from them. These facts do not state a claim for violation of his right to equal protection under the law.

Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose . . .

implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause can occur only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988).

In this case, it is not the government, but his fellow inmates, who are discriminating against him because he has contracted HIV. As the Equal Protection Clause shields citizens only from actions of the government, Miller's equal protection claim should be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, defendants Ricky Scott, Ed Thigpen, and Mr. Lee should be dismissed with prejudice from this case. In addition, Miller's claims for violations of his right to due process and equal protection under the law should also be dismissed.

Miller has, however, stated claims of retaliation and failure to protect against the remaining defendants, Faye Noel and Marlynn Sterivant.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 4th day of April, 2014.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE