# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

STEVEN G. MILLER                                                                   PLAINTIFF

v.                                                                    No. 4:13CV97-MPM-DAS

FAYE NOEL, ET AL.                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Steven G. Miller, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants retaliated against him by maintaining him in a more restrictive custody status in retaliation for his complaints about his reduction in custody. For the reasons set forth below, the instant case will be dismissed for failure to exhaust administrative remedies.

## Factual Allegations

Steven Miller is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC.") He alleges in his complaint [1] that the defendants violated his constitutional rights by wrongfully placing him in more restrictive housing after improperly finding him guilty of a prison rule violation. He claims that he was kept in restrictive custody in retaliation for his complaints about his custody reduction. With regard to defendant Marlynn Sturdivant, Miller testified at his *Spears* hearing in this matter that he believes that Sturdivant, who was his case manager, falsified some documents concerning him. He stated that he believes he recognized her handwriting and that she misspelled his name. Miller did not recount which documents he believes to have been falsified – or how the falsified documents affected his rights. He also alleges that defendant Faye Noel failed to

protect him from harassment by other inmates – and that she also retaliated against him for seeking redress for grievances.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th

Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act requires prisoners challenging their conditions of confinement to exhaust prison administrative remedies before proceeding with an action in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at the Mississippi Department of Corrections ("MDOC") facilities, including the facilities at the Marshall County Correctional Facility, has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP grievance process. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v.*

*Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

Miller filed a prison grievance regarding the general subject matter of his Complaint. Exhibit 1 to the Defendant's Motion for Summary Judgment. However, Miller did not mention any specific complaint against defendant Sturdivant in the lengthy narrative of the grievance. Though Sturdivant's name appears on one page of the prison grievance, along with many other names, Miller has not alleged any claims against her. As such, Miller has not exhausted his administrative remedies regarding his claims against defendant Sturdivant. Thus, all of Miller's claims against defendant Sturdivant will be dismissed for failure to exhaust administrative remedies.

## Suggestion of Death

The only remaining defendants this case are Faye Noel and Marlynn Sturdivant. See Court's Judgment [32] Adopting Report & Recommendations. Miller's allegations against defendant Noel involve retaliation and failure to protect him from assault by other inmates. The court permitted the case to go forward as to a claim of failure to protect based upon the plaintiff's allegations that guards look the other way when other inmates harassed him. Miller has not, however, identified which guards looked the other way or how Ms. Noel might have protected him; nor has he alleged that he has suffered injury from the alleged attacks. As such, any claims regarding failure to protect will be dismissed for failure to state a claim upon which relief could be granted.

In addition, on October 27, 2014, the defendants filed a Suggestion of Death [44] as to Defendant Faye Noel. Under Fed. R. Civ. P. 25(a)(1), when a party files a Suggestion of Death, the opposing party must seek to substitute a different party within 90 days:

> Rule 25. Substitution of Parties
>
> **(a) Death**
>
> > (1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of the statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Miller did not move within 90 days under Fed. R. Civ. P. 25(a)(1) to substitute party in place of the decedent; as such, all claims against Faye Noel will be dismissed under Fed. R. Civ. P. 25(a)(1).

## Conclusion

For the reasons set forth above, the plaintiff's claims against defendant Marlynn Sturdivant will be dismissed for failure to exhaust administrative remedies. In addition, the plaintiff's claim against defendant Noel regarding failure to protect will be dismissed for failure to state a claim upon which relief could be granted. Finally, all claims against defendant Faye Noel will be dismissed, as the defendants notified the plaintiff that Ms. Noel is deceased, and the plaintiff did not seek to substitute another party for her within the 90-day deadline of Fed. R. Civ. P. 25(a)(1). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of July, 2015.

      **/s/ MICHAEL P. MILLS**
      **UNITED STATES DISTRICT JUDGE**
      **NORTHERN DISTRICT OF MISSISSIPPI**